**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kendrick L. BUGG, Defendant–Appellant.**

No. 03–5556.

United States Court of Appeals, Sixth Circuit.

June 29, 2004.

Before SILER, MOORE, and BALDOCK,* Circuit Judges.

---

* The Honorable Bobby R. Baldock, Circuit Judge of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

PER CURIAM.

Defendant Kendrick Bugg was convicted of a Hobbs Act violation and various firearms violations for robbing a gas station. He appeals various evidentiary rulings. We AFFIRM.

In March 2002, two black men with firearms robbed a store owner at his Gas–N–Go. After taking his wallet, about $100 from the register, and some Schlitz malt liquor, the men drove off in a maroon Grand Am Pontiac car.

The store owner called 911, and approximately ten to fifteen minutes later Detective Michael Early arrived and interviewed him about the robbery. Early put out a "BOLO" (be on the look out) for the robbers' maroon Grand Am. After hearing the BOLO, Detective Robert Evans stopped two black males in a maroon Grand Am. Evans instructed the driver, Bugg, to put his hands up. Bugg bent down, tucked something into his waist and bolted from the car with a gray sweatshirt in his hands.

Evans chased Bugg and temporarily lost sight of him, but then caught up to him hiding in the woods, lying down with his hands tucked into the sweatshirt. Bugg ignored Detective Evans's three requests for him to put his hands up. Evans shot at Bugg, who put his hands up immediately.

After apprehension, Bugg asked Evans—"Why did you shoot at me? I didn't have a gun. I left it in the car." To which Evans replied "Well I thought you had a gun." A gun was discovered near Bugg's hiding spot. In the car were another gun, two masks, and Schlitz malt liquor. Finally, Bugg and the passenger each had $49.

Bugg was convicted of a Hobbs Act robbery, brandishing a firearm, and of being a felon in possession of a firearm.

## ANALYSIS

### ATF Agent Malone's testimony about the difficulty in lifting fingerprints from guns

ATF Agent Malone testified firearms do not maintain fingerprints well because guns are "oily" and have many angles. Bugg argues that Malone was not qualified to give this expert testimony. We review the admission of expert evidence for an abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). Federal Rule of Evidence 702 provides that a witness may qualify as an expert "by knowledge, skill, experience, training or education."

▇ Bugg challenges Malone's training and experience, submitting that he had no specialized training in fingerprint analysis. True, but Malone did not testify to *analysis;* he testified to the difficulty in lifting prints from firearms. His training and experience qualified him as an expert in the difficulty in obtaining fingerprints from firearms. *See United States v. Christophe*, 833 F.2d 1296, 1300 (9th Cir.1987) (upholding testimony of FBI agent about the difficulty in obtaining fingerprints because agent's training at the FBI Academy and four years of experience investigating robberies qualified him as expert). In addition, it was cumulative to similar testimony by Officer Steve Wertell, whose testimony was given without objection. We find no abuse of discretion in admitting this evidence.

### Detective Evans's disciplinary proceeding

Bugg objects to the testimony by Detective Evans that he was not disciplined by

Internal Affairs for shooting at Bugg. At trial, Bugg's counsel questioned Evans about the Internal Affairs investigation. He asked why Evans failed to mention to Internal Affairs that after the shooting Bugg asked him: "Why did you shoot at me? I left my gun in the car"[.] On redirect, the prosecution asked Evans whether he had received any discipline for the shooting. Evans replied no.

Bugg appears to make a *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), claim. He submits that he specifically requested materials relating to the investigation, and complains that he never received any discovery pertaining to its outcome. *Brady* holds that "suppression by the prosecution of evidence favorable to an accused upon request violates due process." *Id.* at 87, 83 S.Ct. 1194.

■ However, *Brady* only applies to information unknown to the defense. *United States v. Tarwater*, 308 F.3d 494, 515 (6th Cir.2002). Here, defense counsel already knew from an earlier hearing that Evans was not disciplined. Additionally, Bugg does not suggest why this could be favorable evidence. Thus, no *Brady* violation occurred.

Bugg also challenges the relevancy of the evidence that Evans was not reprimanded. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. While we find the outcome of Evans's Internal Affairs investigation was of nominal relevance, any error was harmless. Fed. R.Crim.P. 52(a).

### Hearsay exception for store owner's *present sense impression*

Bugg challenges the admissibility of Detective Early's testimony recounting the store owner's statement about the robbery taken ten to fifteen minutes after the robbery. The district court admitted the hearsay under the exception for present sense impression. We review hearsay rulings for an abuse of discretion. *United States v. Wright*, 343 F.3d 849, 865–66 (6th Cir.2003).

The present sense impression exception allows admission of "a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or *immediately thereafter.*" Fed.R.Evid. 803(1)(emphasis added). Bugg challenges the time of ten to fifteen minutes as not "immediately thereafter." Time, or lack thereof, provides the reason behind the exception.

■ Without deciding whether the court erred by admitting the statement, we find any error harmless. Contrary to Bugg's assertion, the testimony from the store owner was essentially the same. Thus, because Early's testimony was cumulative, any hearsay error was harmless, as it is not "more probable than not that the error materially affected the verdict." *United States v. Hernandez*, 227 F.3d 686, 696 (6th Cir.2000).

Finally, we find Bugg's sufficiency of the evidence challenge without merit.

**AFFIRMED.**